# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

STATE OF IOWA, et al.,

      *Petitioners*,

    v.

SECURITIES AND EXCHANGE
COMMISSION,

      *Respondent*.

No. 24-1522

*Consolidated with
Nos. 24-1623, 24-1624, 24-1626,
24-1627, 24-1628, 24-1631,
24-1633, 24-1634, 24-1685*

### PETITIONERS' JOINT OPPOSITION TO RESPONDENT SEC'S MOTION TO ESTABLISH CONSOLIDATED BRIEFING SCHEDULE ENCOMPASSING ALL MOTIONS FOR STAY OF THE FINAL RULES

Petitioners in Nos. 24-1522, 24-1626, 24-1627, 24-1628, 24-1631, and 24-1634 respectfully oppose respondent Securities and Exchange Commission's motion to establish an extended schedule for briefing on all already-filed and forthcoming emergency stay motions in these cases. The SEC's motion acknowledges the need to avoid "extended * * * motions practice" and "delay" in "reaching the merits," SEC Mot. 5 (Mar. 29, 2024), yet proposes a schedule with those very consequences. The Court should reject that protracted schedule and instead order the Commission to respond by April 9 to any stay motions filed by April 3, so that the Court is in position to rule by April 12 on those stay requests, as previously requested by petitioners U.S. Chamber of Commerce and others.

1

This opposition is joined by 31 of the 35 petitioners who challenge the climate rule as unlawfully exceeding the SEC's authority (out of 38 petitioners total). Although these 31 petitioners—including 25 States and business groups at the local, state, and national levels—represent a variety of distinct interests, they will continue to coordinate their stay briefing to minimize the burden on the Court, as they have with this filing.

## DISCUSSION

The SEC's climate rule is the most expensive disclosure requirement the Commission has ever adopted. After the SEC published its proposed rule two years ago, commenters urged the agency, at the very least, to set a reasonable implementation period, *e.g.*, 24-1628 Pet. Emergency Mot. for Stay (Chamber Mot.) App. 1070 (Mar. 26, 2024), and to stay the rule pending judicial review, 24-1624 Pet. Letter Ex. 1 at 3 n.1 (Mar. 26, 2024). But the SEC ignored those concerns. It demanded compliance on an untenably short timeline, sending American businesses hurtling fast towards a multi-billion-dollar-per-year financial cliff. The SEC's actions have left challengers no choice but to seek emergency stay relief, or in the alternative expedited merits briefing to enable a decision by this Court in time

to minimize the irreparable harms that the rule will cause. *E.g.*, Chamber Mot. 1-28.

Despite having set all of this in motion, the SEC now asks this Court to *delay* consideration of the already-filed and imminently forthcoming emergency stay motions. SEC Mot. 1-2, 5-7. Under Federal Rule of Appellate Procedure 27(a)(3)(A), the default deadline for responding to ordinary, *non*-emergency motions is 10 days. The exigent circumstances the SEC has created call for more expeditious briefing on the emergency motions here, both to enable the Court to act promptly on petitioners' requests for immediate stay relief and so that an expedited merits-briefing schedule can be adopted and get underway. Chamber Mot. 1, 27-28. Yet the SEC asks for more than *double* the default time to respond to the stay motions. It seeks to defer responding to the stay motions until April 26 (SEC Mot. 1, 5)—21 days after the SEC's own proposed deadline for further stay motions (April 5), and 31 days after the Chamber's stay motion (No. 24-1628) was filed (on March 26).

The SEC's proposal for such a languid schedule to address emergency motions is unserious. The SEC had more than two years to prepare for inevitable legal challenges to its climate rule. The time to develop a

defense for the rule was *before* its release, not after.  It also rejected requests for a feasible compliance timeline or to stay the rule, which would have avoided the need for emergency litigation; the present emergency is thus entirely of the Commission's own making.  Moreover, the SEC has already fully briefed one stay motion (in No. 24-1624) raising most of the relevant issues—and it prepared its response to that motion in a mere five days.  See 24-1624 Pet. Letter Ex. 2 (Mar. 26, 2024).  It cannot credibly claim to need another month to retouch its response here.

The SEC also undersells the harm that its leisurely stay-briefing schedule would foment.  It argues that the first "*disclosures*" required by its climate rule will occur in March 2026.  SEC Mot. 6 (emphasis added).  But as set forth in the already-filed stay motions, to make those disclosures, companies must begin tracking and recording a vast amount of climate-related information at the beginning of 2025—in eight months.  *E.g.*, Chamber Mot. 25.  And the systems, policies, and processes necessary to record and analyze that information—and thus to make compliance with disclosure requirements possible—do "not currently exist."  Chamber Mot. App. 1405, 1406, 1409.  They must be built—and tested, lest companies risk liability if their newly established systems contain

glitches.  In reality, that process "will take years," *id.* at 1400—and certainly every remaining moment of 2024.

As a result, "regulated companies will have to begin installation"—and must begin incurring the "irreparable harm of nonrecoverable compliance costs"—"immediately." *Texas* v. *EPA*, 829 F.3d 405, 433 (5th Cir. 2016).  This is not merely petitioners' view—it is the persistent advice of auditing firms and others that will be integral to covered companies' compliance, who warn that "companies cannot afford to defer implementation activities until after the settlement of legal actions," and that "[n]ow is the time to prepare."  Deloitte, *Executive Summary of the SEC's Landmark Climate Disclosure Rule* 11 (Mar. 2024), https://tinyurl.com/47br3ssz; accord PwC, *SEC Adopts Climate-Related Disclosure Rules* 4 (Mar. 7, 2024), https://tinyurl.com/mr3ypuf6 ("given the volume of information required, registrants should start to prepare now"); Boston Consulting Group, *Unpacking the SEC's Climate Disclosure Rule* 8 (Mar. 2024), https://tinyurl.com/2p823f3k ("[d]espite the uncertainty from pending litigation to block implementation of the SEC rule, * * * companies should act now to prepare," because the "new systems, processes, capabilities,

tools, and other elements can take time to acquire, perfect, and implement" and "the time to prepare is already tight").

For these reasons, the SEC's invocation (Mot. 6) of the climate rule's "effective" date is meaningless:  Once "effective," the rule will require future disclosures that in turn force companies to incur massive, unrecoverable compliance costs *now*.

In addition to causing the "extended * * * motions practice" it purports to avert, SEC Mot. 5, the SEC's requested stay-briefing schedule would foreclose the expedited merits-briefing schedule that the Chamber's stay motion proposed in the alternative to a stay.  Chamber Mot. 28.  That merits schedule provides for petitioners' opening briefs to be filed by May 1.  The SEC's stay schedule, however, would have the Court defer any ruling on that request for expedited merits briefing until after May 10.  SEC Mot 1.  The Court should reject the Commission's backdoor attempt to block petitioners' alternative request for expedition—an attempt at odds with the SEC's own acknowledgment that there should be no "delay * * * [in] reaching the merits." *Id.* at 5.

## CONCLUSION

The Court should deny the Commission's request to delay adjudication of the pending emergency motions. Instead, the Court should order the Commission to respond by April 9, 2024, to any stay motions filed on or before April 3. At a minimum, the Court should reject the Commission's request to depart from the timeline prescribed by Federal Rule 27.

Dated:  April 1, 2024

Respectfully submitted,

Daryl Joseffer
Tyler S. Badgley
Kevin R. Palmer
U.S. CHAMBER LITIGATION CENTER
1615 H Street, N.W.
Washington, D.C.  20062
(202) 463-5337

*Counsel for Petitioner Chamber of Commerce of the United States of America*

BRENNA BIRD
Iowa Attorney General

*/s/ Eric Wessan*
ERIC WESSAN
*Solicitor General*
*/s/ Patrick C. Valencia*
PATRICK C. VALENCIA
*Deputy Solicitor General*
Hoover State Office Building
1305 East Walnut Street
Des Moines, Iowa 50319
(515) 823-9117 / (515) 281-5191
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov
patrick.valencia@ag.iowa.gov

*Counsel for State of Iowa*

*/s/ Eugene Scalia*
Eugene Scalia
Jonathan C. Bond
Max E. Schulman
Brian C. McCarty
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
EScalia@gibsondunn.com

Brian A. Richman
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX  75201
(214) 698-3100

*Counsel for Petitioners Chamber of Commerce of the United States of America, Texas Association of Business, and Longview Chamber of Commerce*

CHRISTOPHER M. CARR
Georgia Attorney General

/s/ Stephen J. Petrany
STEPHEN J. PETRANY
*Solicitor General*
Office of the Attorney General
of Georgia
40 Capitol Square, SW
Atlanta, GA 30334
(404) 458-3408
spetrany@law.ga.gov

*Counsel for State of Georgia*

DAVE YOST
Ohio Attorney General

/s/ T. Elliot Gaiser
T. ELLIOT GAISER
Solicitor General
MATHURA J. SRIDHARAN
Deputy Solicitor General
Office of the Attorney General
365 East Broad Street
Columbus, Ohio 43215
Phone: (614) 466-8980
thomas.gaiser@ohioago.gov

*Counsel for Ohio Bureau of Workers' Compensation*

PATRICK MORRISEY
West Virginia
Attorney General

/s/ Michael R. Williams
MICHAEL R. WILLIAMS
*Principal Deputy Solicitor General*
LINDSAY S. SEE
*Solicitor General*
Office of the Attorney
General of West Virginia
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25301
(304) 558-2021
michael.r.williams@wvago.gov

*Counsel for State of West Virginia*

TREG TAYLOR
Alaska Attorney General

/s/ William Milks
WILLIAM MILKS
*Assistant Attorney General*
BEN HOFMEISTER
*Assistant Attorney General*
Alaska Department of Law
1031 W. 4th Ave., Ste. 200
Anchorage, AK 99501
(907) 269-5100
bill.milks@alaska.gov
ben.hofmeister@alaska.gov

*Counsel for State of Alaska*

TIM GRIFFIN
Arkansas Attorney General

s/ *Nicholas J. Bronni*
NICHOLAS J. BRONNI
*Solicitor General*
DYLAN L. JACOBS
Deputy Solicitor General
OFFICE OF THE ARKANSAS ATTORNEY
GENERAL
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-6302
Nicholas.Bronni@ArkansasAG.gov

*Counsel for the State of Arkansas*

RAÚL R. LABRADOR
Attorney General of Idaho

/s/ *Joshua N. Turner*
JOSHUA N. TURNER
Chief of Constitutional Litigation and
Policy
ALAN M. HURST
Solicitor General
Office of the Idaho Attorney General
P.O. Box 83720 Boise, Idaho 83720
(208) 334-2400
Josh.Turner@ag.idaho.gov
Alan.Hurst@ag.idaho.gov

*Counsel for State of Idaho*

STEVE MARSHALL
Alabama Attorney General

/s/ *Edmund G. LaCour Jr.*
EDMUND G. LACOUR JR.
*Solicitor General*
Office of the Attorney
General
State of Alabama
501 Washington Avenue
P.O. Box 300152
Montgomery, AL 36130-0152
 (334) 242-7300
Edmund.LaCour@Ala-
bamaAG.gov

*Counsel for State of Alabama*

THEODORE E. ROKITA
Indiana Attorney General

/s/ *James A. Barta*
JAMES A. BARTA
*Solicitor General*
Office of the Attorney
General of Indiana
IGC South, Fifth Floor
302 W. Washington St.
Indianapolis, Indiana 46204
Telephone: (317) 232-0709
James.Barta@atg.in.gov

*Counsel for State of Indiana*

RUSSELL COLEMAN
Kentucky Attorney General

/s/ *Matthew F. Kuhn*
MATTHEW F. KUHN
Solicitor General
VICTOR B. MADDOX
Counsel for Special Litigation
JACOB M. ABRAHAMSON
Assistant Solicitor General
Office of Kentucky Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Matt.Kuhn@ky.gov
Victor.Maddox@ky.gov
Jacob.Abrahamson@ky.gov

*Counsel for the Commonwealth
of Kentucky*

ANDREW T. BAILEY
Missouri Attorney General

/s/ *Joshua M. Divine*
JOSHUA M. DIVINE, 69875MO
Solicitor General
Office of the Attorney General
207 West High St.
Jefferson City, MO 65101
Phone: (573) 751-8870
Josh.Divine@ago.mo.gov

*Counsel for the State of Missouri*

AUSTIN KNUDSEN
Montana Attorney General

/s/ *Christian B. Corrigan*
CHRISTIAN B. CORRIGAN
*Solicitor General*
Montana Department of
Justice
215 North Sanders
P.O. Box 201401
Helena, Montana 59620-1401
(406) 444-2026
christian.corrigan@mt.gov

*Counsel for the State of
Montana*

MICHAEL T. HILGERS
Nebraska Attorney General

/s/ *Grant D. Strobl*
GRANT D. STROBL
Assistant Solicitor General
Office of the Nebraska
Attorney General
2115 State Capitol
Lincoln, NE 68509
(402) 471-2683
Grant.Strobl@nebraska.gov

*Counsel for the State of
Nebraska*

JOHN M. FORMELLA
New Hampshire Attorney General

/s/ *Samuel R.V. Garland*
SAMUEL R.V. GARLAND
*Senior Assistant Attorney General*
New Hampshire Department of
Justice
1 Granite Place
Concord, NH 03301
(603) 271-3650
samuel.rv.garland@doj.nh.gov

*Counsel for State of New Hampshire*

DREW H. WRIGLEY
North Dakota Attorney General

/s/ *Philip Axt*
PHILIP AXT
Solicitor General
Office of Attorney General
600 E. Boulevard Ave Dept. 125
Bismarck ND 58505
Phone: (701) 328-2210
pjaxt@nd.gov

*Counsel for the State of North Dakota*

GENTNER DRUMMOND
Oklahoma Attorney General

/s/ *Garry M. Gaskins, II*
GARRY M. GASKINS, II
*Solicitor General*
Office of the Attorney
General of Oklahoma
313 NE Twenty-First St.
Oklahoma City, OK 73105
(405) 521-3921
garry.gaskins@oag.ok.gov

*Counsel for State of
Oklahoma*

ALAN WILSON
South Carolina Attorney General

/s/ *Thomas T. Hydrick*
THOMAS T. HYDRICK
*Assistant Deputy Solicitor
General*
Office of the South Carolina At-
torney General
1000 Assembly Street
Columbia, SC 29201
(803) 734-4127
thomashydrick@scag.gov

*Counsel for State of
South Carolina*

MARTY J. JACKLEY
South Dakota Attorney General

/s/ *Charles McGuigan*
CHARLES MCGUIGAN
Deputy Attorney General
Paul S. Swedlund
Solicitor General
1302 East Highway 14, Suite 1
Pierre, SD 57501-8501
605-773-3215
charles.mcguigan@state.sd.us

*Counsel for the State of South Dakota*

JONATHAN SKRMETTI
Tennessee Attorney General and Reporter

/s/ *J. Matthew Rice*
J. MATTHEW RICE
Solicitor General
WHITNEY HERMANDORFER
Director of Strategic Litigation
Office of the Attorney General and
Reporter of Tennessee
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 741-3491
matt.rice@ag.tn.gov

*Counsel for the State of Tennessee*

SEAN D. REYES
Utah Attorney General

/s/ *Christopher A. Bates*
CHRISTOPHER A. BATES
Deputy Solicitor General
350 N. State Street,
Suite 230
P.O. Box 142320
Salt Lake City, UT 84114-2320
Telephone: (801) 538-9600
chrisbates@agutah.gov

*Counsel for the State of Utah*

JASON MIYARES
Virginia Attorney General

/s/ *Kevin M. Gallagher*
KEVIN M. GALLAGHER
*Deputy Solicitor General*
Virginia Attorney General's
Office
202 North 9th Street
Richmond, VA 23219
(804) 786-2071
kgallagher@oag.state.va.us

*Counsel for Commonwealth of
Virginia*

BRIDGET HILL
Wyoming Attorney General

/s/ Ryan Schelhaas
RYAN SCHELHAAS
*Chief Deputy*
Office of the Attorney General of
Wyoming
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895
ryan.schelhaas@wyo.gov

*Counsel for State of Wyoming*

/s/ R. Trent McCotter
R. TRENT MCCOTTER
JONATHAN BERRY
MICHAEL BUSCHBACHER
BOYDEN GRAY PLLC
801 17th St. NW, Suite 350
Washington, DC 20006
Telephone: (202) 706-5488
tmccotter@boydengray.com

*Counsel for American Free Enterprise
Chamber of Commerce*

ELIZABETH B. MURRILL
Attorney General of
Louisiana

/s/ J. Benjamin Aguiñaga
J. Benjamin Aguiñaga
 *Solicitor General*
Autumn Hamit Patterson
 *Special Assistant Solicitor
General*
OFFICE OF THE LOUISIANA
ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70804
(225) 326-6766
aguinagaj@ag.louisiana.gov

*Counsel for Petitioner State of
Louisiana*

LYNN FITCH
Attorney General of
Mississippi

/s/ Justin L. Matheny
 Justin L. Matheny
  *Deputy Solicitor General*
MISSISSIPPI ATTORNEY
GENERAL'S OFFICE
P.O. Box 220
Jackson, MS 39205
(601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for Petitioner State of
Mississippi*

KEN PAXTON
Attorney General of Texas
BRENT WEBSTER
First Assistant Attorney General
JAMES LLOYD
Deputy Attorney General for
Civil Litigation
KELLIE E. BILLINGS-RAY
Chief, Environmental Protection
Division

/s/ Wesley S. Williams
Wesley S. Williams
  Assistant Attorney General
OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
ENVIRONMENTAL PROTECTION DIVISION
P.O. Box 12548, MC-066
Austin, Texas 78711-2548
(512) 463-2012
Wesley.Williams@oag.texas.gov

Counsel for Petitioner State of Texas

/s/ Luke A. Wake
LUKE A WAKE
Pacific Legal Foundation
555 Capitol Mall, Ste. 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
LWake@pacificlegal.org

RACHEL K. PAULOSE
Pacific Legal Foundation
3100 Clarendon Blvd.,
Ste. 1000
Arlington, VA 22201
Telephone: (202) 465-8734
RPaulose@pacificlegal.org

Counsel for Petitioners Texas
Alliance of Energy Producers
and Domestic Energy Producers
Alliance

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2024, an electronic copy of the foregoing opposition was filed with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit using the appellate CM/ECF system, and service will be accomplished on all registered counsel by the appellate CM/ECF system.

> */s/ Eugene Scalia*
> Eugene Scalia
> GIBSON, DUNN & CRUTCHER LLP
> 1050 Connecticut Avenue, N.W.
> Washington, D.C.  20036
> (202) 955-8500
> EScalia@gibsondunn.com
>
> *Counsel of Record for Petitioners*
> *Chamber of Commerce of the*
> *United States of America, Texas*
> *Association of Business, and*
> *Longview Chamber of Commerce*

# CERTIFICATE OF COMPLIANCE

I certify that this opposition complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts exempted under Federal Rule of Appellate Procedure 27(d)(a)(2)(B), it contains 1,155 words.

I certify that this opposition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this opposition has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point New Century Schoolbook LT.

I further certify that this opposition has been scanned for viruses and is virus-free.

Dated:  April 1, 2024

_/s/ Eugene Scalia_
Eugene Scalia
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 955-8500
EScalia@gibsondunn.com

*Counsel of Record for Petitioners
Chamber of Commerce of the
United States of America, Texas
Association of Business, and
Longview Chamber of Commerce*